IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

        Plaintiff,                        No. CIV S-10-2864 EFB P

     vs.

RIGG, et al.,

        Defendants.           <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). Before the court is plaintiff's second amended complaint.

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees– for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any

prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.* In deciding whether defendants are improperly joined, the court may look to the first named defendant and join only those claims that can properly be joined to the claims against that defendant. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). The court may then dismiss the misjoined defendants without prejudice to the plaintiff's filing of new, separate lawsuits against the dropped defendants. *Id.*; *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim against Rigg, the first named defendant, nor does it state a cognizable claim against defendant Virga. Additionally, Shearer and Kulka, the other named defendants, are improperly joined.

**I.    Second Amended Complaint**

    **A.    Defendants Rigg and Virga**

Plaintiff alleges that on January 19, 2009, he heard a "popping" sound in his left ear, lost his hearing in that ear, and suffered nausea, vomiting, and dizziness. Dckt. No. 3 ¶¶ 11-12. According to plaintiff, he was seen by defendant Rigg, a nurse practitioner, on January 26, 2009, who documented the sudden hearing loss, but did not order an ear, nose, and throat consultation until three weeks later. *Id.* ¶ 13. Plaintiff alleges he was seen by an ear, nose, and throat specialist on June 1, 2009. *Id.* ¶ 14. Plaintiff blames the delay on unspecified policies allegedly adopted and implemented by defendants Rigg and Virga. *Id.* ¶ 8. According to plaintiff, he permanently lost hearing in the left ear and "is at an increased risk of hearing damage in his good ear." *Id.* ¶ 10.

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail, plaintiff must show both that his medical needs were objectively serious, and

that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere delay in medical treatment must lead to further injury to amount to deliberate indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

Plaintiff does not allege facts indicating that either Rigg or Virga was deliberately indifferent to his medical needs. A prison inmate has no independent constitutional right to outside medical care supplemental or additional to the medical care provided by the prison staff within the institution. *See Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986); *Estelle*, 429 U.S. at 103-04. Plaintiff does not allege that Rigg denied or interfered with plaintiff's medical care, or intentionally exposed plaintiff to a substantial risk of serious harm. Plaintiff does not allege that Virga had any knowledge of plaintiff's ear condition, or facts indicating that Virga personally participated in the alleged violation of plaintiff's rights. Plaintiff's claims against Rigg and Virga must therefore be dismissed with leave to amend.

4

### B.     Defendants Shearer and Kulka

Plaintiff also alleges that from June 25, 2010 to April 27, 2011, defendant Shearer, a correctional officer, put plaintiff in danger of an attack or death at the hands of other inmates by circulating rumors that plaintiff was a molester. Dckt. No. 3 at ¶ 17. Additionally, plaintiff claims that defendant Kulka "failed to abolish" the *Keyhea* procedure, which allows physicians to medicate plaintiff against his will as long as a hearing is held within ten days. *Id.* ¶¶ 19-20.

Plaintiff's claims against defendant Shearer and Kulka are improperly joined, as they are based on discrete sets of facts that are unrelated to the claims against defendants Rigg and Virga. These claims are dismissed without leave to amend in this action, but without prejudice to re-filing in new, separate lawsuits.

## II.    Order

For the reasons stated above, the amended complaint fails to state a cognizable claim against defendants Rigg or Virga, and improperly joins defendants Shearer and Kulka. Plaintiff will be granted leave to file an amended complaint for the limited purpose of correcting the deficiencies identified herein regarding the claims against defendants Rigg and Virga. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Plaintiff is hereby informed that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is

inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is hereby reminded that he may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby ORDERS that the May 20, 2011 second amended complaint is dismissed with leave to amend, as provided herein, within 30 days. The third amended complaint must bear the docket number assigned to this case and be titled "Third Amended Complaint." Failure to comply with this order will result in the dismissal of this action.

DATED: March 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE