1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS HENDON,

11              Plaintiff,                    No. 2:10-cv-2864 EFB P

12        vs.

13   RIGG, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal.

19   Local Rules, Appx. A, at (k)(4).  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has

20   filed an amended complaint.

21         Federal courts must engage in a preliminary screening of cases in which prisoners seek

22   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26   relief."  *Id.* § 1915A(b).

1   In order to avoid dismissal for failure to state a claim a complaint must contain more than

2   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3   of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words,

4   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5   statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6   Furthermore, a claim upon which the court can grant relief has facial plausibility.

7   *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

8   content that allows the court to draw the reasonable inference that the defendant is liable for the

9   misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a

10  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13  A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14  Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain

15  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18  In the amended complaint, plaintiff alleges that defendant Rigg waited three weeks to

19  refer plaintiff to an ear, nose and throat specialist after documenting plaintiff's sudden hearing

20  loss. Dckt. No. 17. In its initial screening order the court informed plaintiff that his allegations

21  failed to state a cognizable claim. Specifically, the court informed plaintiff of the following:

22      A prison official violates the Eighth Amendment's proscription of cruel
        and unusual punishment where he or she deprives a prisoner of the minimal
23      civilized measure of life's necessities with a "sufficiently culpable state of mind."
        *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail, plaintiff must show
24      both that his medical needs were objectively serious, and that defendant possessed
        a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99
25      (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious
        medical need is one that significantly affects an individual's daily activities, an
26      injury or condition a reasonable doctor or patient would find worthy of comment

or treatment, or the existence of chronic and substantial pain.  *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Mere delay in medical treatment must lead to further injury to amount to deliberate indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Id.* at 842.

Plaintiff does not allege facts indicating that . . . Rigg . . . was deliberately indifferent to his medical needs.  A prison inmate has no independent constitutional right to outside medical care supplemental or additional to the medical care provided by the prison staff within the institution.  *See Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986); *Estelle*, 429 U.S. at 103-04.  Plaintiff does not allege that Rigg denied or interfered with plaintiff's medical care, or intentionally exposed plaintiff to a substantial risk of serious harm.  . . . . Plaintiff's claims against Rigg . . . must therefore be dismissed with leave to amend.

Dckt. No. 16 at 3-4.  Plaintiff's amended complaint does not cure the deficiencies identified in the court's initial screening order, as it does not include facts demonstrating that defendant Rigg denied or interfered with plaintiff's medical care, or intentionally exposed plaintiff to a substantial risk of serious harm.

Despite notice of the deficiencies of his claim and an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile.  Accordingly, the court will dismiss the amended complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.")

////

////

3

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed for failure to state a claim; and

2.  The Clerk is directed to close this case.

Dated:  August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE