1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARLOS HENDON,                              No.  2:10-cv-2864-KJM-EFB P

12                 Plaintiff,

13           v.                                   ORDER

14    RIGG, et al.,

15                 Defendants.

16

17           Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

18    seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

19    Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20           On July 30, 2013, the magistrate judge filed findings and recommendations, which

21    were served on all parties and which contained notice to all parties that any objections to the

22    findings and recommendations were to be filed within fourteen days.  Neither party has filed

23    objections to the findings and recommendations.

24           The court presumes that any findings of fact are correct.  *See Orand v. United*

25    *States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are

26    reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.

27    1983).  Having carefully reviewed the file, the court declines to adopt the magistrate judge's

28    findings and recommendations as to the pending motion to dismiss.

1

1    As the magistrate judge noted (ECF 36 at 7–8), to state a claim for denial of

2    medical care a plaintiff must establish that he had a serious medical need and that a defendant's

3    response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

4    1996).  A serious medical need exists if the failure to treat a plaintiff's condition could result in

5    further significant injury or the unnecessary and wanton infliction of pain.  *Id.*  A plaintiff must

6    demonstrate that a defendant was aware of the risk of harm and that her response to the risk was

7    medically unacceptable under the circumstances.  *Jacson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.

8    1996).

9    The magistrate judge found plaintiff failed to state a claim for denial of medical

10   care under the Eighth Amendment because plaintiff did not allege that (1): "defendant's failure to

11   immediately refer plaintiff to an ear specialist caused the injuries he complains of"; and (2) "the

12   delay between plaintiff's initial interaction with defendant and her later referral of him to an ear

13   specialist caused plaintiff harm."  (ECF 36 at 8.)  The magistrate judge concluded that, while

14   plaintiff alleges defendant "failed to adhere to prison policy when she did not immediately send

15   him for emergency treatment and an ENT consultation, the complaint does not allege that this

16   failure posed a risk of harm to plaintiff and was medically unacceptable under the circumstances."

17   (*Id.*)  In other words, the "complaint is devoid of factual allegations that connect the delayed

18   referral to plaintiff's alleged injuries."  (*Id.*)

19   As explained below, this court finds plaintiff has pled sufficient facts to make out a

20   claim for denial of medical care.  On a motion to dismiss, this court "must presume all factual

21   allegations of the complaint to be true and draw all reasonable inferences in favor of the

22   nonmoving party."  *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).  As the

23   magistrate judge noted (*id.* at 3), the allegations of the complaint are:

24         On January 19, 2009 Plaintiff heard a popping sound in his left ear while
           he was exercising, and he lost the ability to hear with that ear. He
25         promptly requested to see a prison doctor, but was not taken to the prison
           medical clinic.
26
           The following day he suffered nausea, vomiting, and dizziness. Plaintiff
27         again requested medical care.

28

2

1
2

> On January 26, 2009 Plaintiff was examined by the prison nurse practitioner, Nurse Rigg, who documented the sudden hearing loss, but did not refer Plaintiff to an ear, nose, and throat specialist.

3
4

> Three weeks later, on February 20, 2009 Nurse Rigg saw Plaintiff once more and finally referred Plaintiff to an ENT specialist who saw Plaintiff on June 1, 2009. Thereafter, Nurse Rigg did not see Plaintiff again.

5

> Plaintiff was subsequently diagnosed with a permanent loss of the ability to hear with his left ear.

6

> Prison policy required prisoners to be sent to an emergency room following hearing loss and be seen by an ENT specialist within 72 hours.

7
8

> From January 19, 2009 to March 28, 2012, the hearing loss continued for Plaintiff. During this time Plaintiff suffered nausea, vomiting, and dizziness.

9
10

> Plaintiff suffered permanent loss of hearing in his left ear, and he suffers vertigo and nausea. He has experienced a decline in hearing over the past years; he is at an increased risk of hearing damage in his good ear.

11   ECF No. 17 at 3-4.

12         Plaintiff pleads facts demonstrating he had a serious medical need: he suffered

13   hearing loss, nausea, vomiting, and dizziness, symptoms that prison policy requires a prisoner to

14   be sent to the emergency room and seen by a specialist.  Plaintiff pleads facts demonstrating

15   defendant Rigg was aware of the risk of harm: she documented his hearing loss.  Yet she did not

16   send plaintiff to the emergency room or refer plaintiff to a specialist within the 72-hour period as

17   required by prison policy.  These allegations - that defendant's response was medically

18   unacceptable and that at least some of plaintiff's pain and injuries are attributable to defendant's

19   alleged delay – are sufficient to withstand the motion to dismiss.

20         Accordingly, IT IS HEREBY ORDERED that:

21       1.  The findings and recommendations filed July 30, 2013, are adopted in part;

22       2.  Defendant's December 28, 2012 motion to revoke plaintiff's in forma pauperis status

23   (ECF No. 29) is DENIED;

24       3.  Defendant's December 28, 2012 motion to dismiss (ECF No. 28) is DENIED; and

25   /////

26   /////

27   /////

28

3

1          4.  This matter is referred back to the magistrate judge for further proceedings consistent

2    with this order.

3    DATED:  September 16, 2013.

4

5    _____

6                    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28