1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARLOS HENDON,                          No.  2:10-cv-2864-KJM-EFB P

12                    Plaintiff,

13         v.                                 ORDER

14   RIGG,

15                    Defendant.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Plaintiff claims that defendant Rigg was deliberately indifferent to his medical

19   needs.  The parties have each filed a motion to compel discovery.  As set forth below, each

20   motion is granted and denied in part.

21   **I.      Plaintiff's Motion to Compel (ECF No. 47)**

22         Plaintiff moves to compel further responses to his requests for production, nos. 1-4,

23   claiming that defendant's objections are without merit.

24         In request no. 1, plaintiff sought defendant's "personnel file."  Defendant objected on

25   various grounds, including overbroad and not reasonably calculated to lead to the discovery of

26   admissible evidence.  Plaintiff contends the objections lack merit because his request may lead to

27   admissible evidence as to any "cover up" related to his deliberate indifference claim.  In her

28   opposition, defendant states that her personnel file contains no information related to any

1

1   investigation or "cover up" involving plaintiff.  Because plaintiff has not shown that his request

2   seeks information relevant to the prosecution of this action, his motion to compel a response to

3   his request no. 1 is denied.  *See Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S.

4   Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform

5   the court which discovery requests are the subject of his motion to compel, and, for each disputed

6   response, inform the court why the information sought is relevant and why Defendant's

7   objections are not justified."); *Rivera v. Nibco, Inc*., 364 F.3d 1057, 1072 (9th Cir. 2004)

8   ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

9          In request no. 2, plaintiff sought all documents related to defendant "referring inmates to

10  medical specialist."  Defendant again objected on various grounds, including objections that the

11  request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence,

12  and as seeking private information pertaining to other inmates.  Plaintiff's motion only addresses

13  defendant's objection regarding the privacy of other inmates, suggesting that defendant produce

14  responsive documents after first redacting any identifying information of other inmates.  But

15  plaintiff does not show how the requested documents would be relevant to the prosecution of this

16  case, nor does he show that defendant's overbroad objection is unjustified.  As defendant notes in

17  her opposition, the scope of this request is impermissibly broad, as it is not limited in time or

18  place, or by who authored the requested documents.  In responding, defendant should not have to

19  guess as to what documents plaintiff is seeking.  Plaintiff offers no clarification in this regard.

20  Defendant's objections to the request are sustained.  Plaintiff's motion is denied as to this request.

21         In request no. 3, plaintiff sought "All documents that support . . . that Nurse Rigg had

22  previously exhibited deliberate indifference in carrying out her responsibilities as [a] nurse

23  practitioner."  Defendant objected to the request as argumentative, not reasonably calculated to

24  lead to the discovery of admissible evidence, and for potentially seeking confidential or private

25  records that may not be within her custody or control.  The objection is overruled.  The request is

26  not argumentative.  Further, there can be little doubt that documents showing that defendant

27  previously exhibited deliberate indifference to serious medical needs may lead to the discovery of

28  admissible evidence pertaining to plaintiff's own claim against defendant of deliberate

1    indifference.  If defendant has responsive documents within her possession, custody or control,

2    she must produce them.  To the extent such documents contain confidential or private

3    information, defendant may properly redact them before producing them to plaintiff.   Plaintiff's

4    motion is granted as to this request.

5            In request no. 4, plaintiff sought "All documents from my medical file for the period

6    January 19, 2009 to October 30, 2013."  Defense counsel represents that plaintiff reviewed his

7    medical records on February 5, 2014, and that he also received copies of his records.  ECF No.

8    50, ¶ 8.  Plaintiff did not file a reply or otherwise dispute this representation.  Plaintiff's motion is

9    therefore denied as moot with respect to this request.

10           Plaintiff also requests that defendant provide him with a copy of his deposition transcript

11   so that he may effectively oppose her anticipated motion for summary judgment.  ECF No. 51.

12   Plaintiff's request is premature.  The court notes, however, that if defendant submits a courtesy

13   copy of the deposition transcript to the court pursuant to Local Rule 133(j), defendant shall also

14   serve a copy of it upon plaintiff.  *See* E.D. Cal. Local Rule 135(d) Service Upon All Parties

15   ("copies of all documents submitted to the Court shall be served upon all parties to the action").

16   **II.     Defendant's Motion to Compel (ECF No. 46)**

17           Defendant moves for an order compelling plaintiff to provide responses to her requests for

18   production and requests for admissions, and for the imposition of monetary sanctions for the costs

19   incurred in bringing her motion.  ECF No. 46.

20           In her motion, filed January 22, 2014, defendant represents that plaintiff never responded

21   to her requests for production of documents.  Plaintiff maintains in his opposition that he served

22   his responses on December 27, 2013.  He also asserts that the discovery sought is "equally

23   accessible" to defendant and that defendant "already obtained the documents herself."  ECF No.

24   49 at 1.  Plaintiff fails to substantiate his representation that defendant "obtained the documents

25   herself" with any specific facts.  In addition, the court notes that defendant's request for

26   production seeks documents that plaintiff contends support his allegations in this case.  Plaintiff

27   fails to demonstrate how the yet to be identified documents that he contends support his

28   /////

3

allegations would be equally accessible to defendant.[1]  Only plaintiff knows which documents he contends support his allegations.  Assuming plaintiff served his responses on December 27 as he claims, it remains undisputed that defendant never received them.  Therefore, defendant's motion to compel plaintiff to provide responses to her requests for production, is granted.  Unless plaintiff can demonstrate that he timely attempted service of these responses as he represents in his opposition, he must respond to and produce responsive documents to defendant, without objections.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

Next, defendant argues that plaintiff's responses to her requests for admissions nos. 2, 3, 4, 5, 11, and 12 are insufficient.  Defendant's request for admission no. 2 asks plaintiff to admit that he submitted a Health Care Services Request form in which he requested healthcare services for "problems with ear" on February 9, 2009.  Request for admission no. 3 asks plaintiff to admit that he refused to be examined by a Registered Nurse on February 11, 2009.  Request for admission no. 4 asks plaintiff to admit that defendant submitted a Health Care Request for Services form, dated February 19, 2009, to have plaintiff scheduled for a hearing test by an audiologist.  Request for admission no. 5 requests that plaintiff admit that an audiometry test was performed on plaintiff on April 20, 2009.  Request for admission no. 11 asks plaintiff to admit that he submitted a Health Care Services Request form dated February 26, 2009, in which he requested health care services for "problems with ear, eyes hurt when reading."  Finally, request for admission no. 12 asks plaintiff to admit that he refused examination by a Registered Nurse on February 28, 2009.

In response to each of these requests, plaintiff responded: "I need this document to refresh my recollection, and on that basis deny it."  This is not a sufficient response.  To the extent

---

[1] If one or more of the documents that plaintiff ultimately identifies consist of documents that the California Department of Corrections already possesses, then plaintiff may so specify in his response to the discovery request.  But plaintiff must identify the documents he relies on and produce or make available for copying any such documents that the department does not already possess.

4

1  plaintiff needs to review the documents referred to in the requests before answering, he must

2  access those documents through his central file (or other appropriate channel) and provide good

3  faith responses to defendant's requests.  Plaintiff, who initiated this lawsuit, must provide

4  information concerning his allegations so that defendant can properly defend herself.

5  Defendant's motion is granted and plaintiff shall serve amended responses to defendant's requests

6  for admissions nos. 2, 3, 4, 5, 11, and 12.  Failure to do so will result in those requests being

7  automatically deemed admitted by plaintiff.  *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted

8  unless, within 30 days after being served, the party to whom the request is directed serves on the

9  requesting party a written answer or objection addressed to the matter and signed by the party or

10  its attorney.").

11        Defendant's request for the costs incurred in bringing her motion is denied.  However,

12  plaintiff is admonished that although he is proceeding pro se, he is required to comply with the

13  Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.  *See*

14  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants,

15  including prisoners lacking access to counsel); E.D. Cal. L.R. 183(a) ("Any individual

16  representing himself or herself without an attorney is bound by the Federal Rules of Civil or

17  Criminal Procedure, these Rules, and all other applicable law.").  Plaintiff's failure to obey the

18  court's orders and the local and federal rules including rules regarding his responsibilities in

19  responding to discovery and in prosecuting this action may justify dismissal, including dismissal

20  with prejudice.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992); *Carey v. King*, 856

21  F.2d 1439, 1441 (9th Cir. 1988)(affirming dismissal without prejudice for pro se prisoner's

22  failure to comply with local rule requiring he notify the court of any change of address).

23  **III.   Order**

24        Accordingly, IT IS HEREBY ORDERED that:

25  1.  Plaintiff's motion to compel (ECF No. 47) is granted as to request no. 3 and denied in all

26        other respects.  Within 30 days from the date of this order, defendant shall serve plaintiff

27        with an amended response to plaintiff's request for production no. 3, as provided herein.

28  /////

2.  Defendant's motion to compel (ECF No. 46) is granted as to the requests for production and requests for admissions and denied in all other respects.  Within 30 days from the date of this order, plaintiff shall serve defendant with his responses to her requests for production, and his amended responses to her requests for admissions nos. 2, 3, 4, 5, 11, and 12, as provided herein.

3.  In light of this order continuing discovery, the court must vacate the April 22, 2014 deadline for filing dispositive motions.  Any dispositive motions shall be filed no later than 60 days from the date of this order.

DATED:  April 15, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6