UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | No. 2:10-cv-2864-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| RIGG, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The sole remaining defendant has moved for summary judgment. ECF No. 55. Plaintiff seeks appointment of an expert medical witness. ECF No. 57. For the reasons that follow, the request for an expert is denied.

Plaintiff alleges that defendant Rigg was deliberately indifferent to his serious medical needs when she failed to refer him to an ear specialist after he experienced a popping sound in his ear and subsequent hearing loss. ECF No. 17 at 3-4. Defendant contends that her response to plaintiff's ear problem was not deliberately indifferent and submits the expert declaration of Dr. Bruce P. Barnett, a physician employed by the California Department of Corrections and Rehabilitation, in support of that contention. ECF No. 55-5. In part, Dr. Barnett opines that nothing in plaintiff's medical records indicate that he has been diagnosed with hearing loss in his left ear. *Id.* at 7.

1

Plaintiff declares, "An expert will testify that Plaintiff does in fact have a diagnosis . . . , can check the procedures of the Defendant's expert, and testify on Plaintiff's behalf." ECF No. 57 at 1. Plaintiff states that an expert is necessary for the fair resolution of the case and should be appointed "at government expense." *Id.* at 1-2.

Under 28 U.S.C. § 1915, federal courts may permit an indigent party to file suit without prepaying fees and costs. That statute does not, however, authorize courts to subsidize expert fees. *Hadsell v. IRS*, 107 F.3d 750, 752 (9th Cir. 1997) (relying on *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam)).

While the court cannot itself pay for the experts plaintiff seeks, Federal Rule of Evidence 706 authorizes the court to appoint an expert witness and apportion the fee among the parties. Where, as here, one party is indigent, the court has discretion to apportion the entire fee to the other side. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991). However, Rule 706 allows only for the appointment of a neutral expert. It does not provide for the appointment of an expert on plaintiff's behalf. *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011).

Accordingly, plaintiff's motion for a medical expert to be appointed on his behalf (ECF No. 57) is denied.[1]

DATED: August 13, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if motion were construed as a request for a neutral medical expert under Rule 706, that is not warranted here. The contested issue – whether plaintiff has been diagnosed with hearing loss – is not so complex that an expert is needed for accurate factfinding. *See Moran v. Dovey*, No. 1:08-cv-0016 GBC, 2012 U.S. Dist. LEXIS 75691, at *2-3 (E.D. Cal. May 31, 2012) (denying plaintiff's request for appointment of expert witness, noting the court's "burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis," and that "[t]he facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court.").